FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 02, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTY R.,[1] | No. 4:21-CV-05022-ACE |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] | **ECF Nos. 20, 22** |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment.  ECF No. 20, 22.  Attorney Chad Hatfield represents Christy R. (Plaintiff); Special Assistant United States Attorney Nancy Zaragoza represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 6.  After reviewing the administrative record and the

---

[1]To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names.

[2]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on November 27, 2017, alleging disability beginning October 24, 2014,[3] due to hoarse voice, loss of voice, migraines, interstitial lung disease (scarring of the lung tissue), depression, strokes, hyper chemical sensitivity, difficulty breathing, stenosis of the lumbar spine, and diabetes.  Tr. 96-97.  The application was denied initially and upon reconsideration.  Tr. 127-35, 139-45.  Administrative Law Judge (ALJ) Caroline Siderius held an initial hearing on October 17, 2019, and a supplemental hearing on June 8, 2020.  Tr. 37-95.  She issued an unfavorable decision on September 3, 2020.  Tr. 15-28.  Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on December 11, 2020.  Tr. 1-5.  The ALJ's September 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on February 16, 2021.  ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1976 and was 41 years old when she filed her application.  Tr. 27.  She has an 11th grade education and has not worked outside the home much, as she was raising her four children.  Tr. 45, 80-81, 312.  In 2014 she developed interstitial lung disease after being exposed to ozone, which was used to clean her home after a fire.  Tr. 42, 80.  She now reports extreme breathing reactions any time she is exposed to any chemicals, including other people's soap, deodorants, or perfumes, and virtually all cleaning agents.  Tr. 45-49.  She has also

///

_____

[3]Plaintiff later amended the alleged onset date to the protected filing date, November 27, 2017.  Tr. 64-65.

been treated for spinal problems and recurrent headaches since having a small stroke in 2016.  Tr. 51-54.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971), (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Sec'y of Health and Hum. Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the claimant

bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On September 3, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-28.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: diabetes mellitus, interstitial lung disease, and degenerative disc disease. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20-21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light exertion work, with the following additional limitations:

> could lift 20 pounds occasionally and 10 pounds frequently; could sit up to 8 hours a day with ordinary breaks; could stand/walk up to 4 hours in an 8-hour day for 1 hour at a time; could not climb ladders, ropes, or scaffolds; could occasionally stoop, crouch, and crawl; could not work with unprotected heights; should avoid all exposure to odors, dusts, gases, fumes,

and environmental irritants; should avoid extreme temperatures;
should avoid industrial vibration; and could not handle or work
in close proximity to chemicals.
Tr. 21.

At step four, the ALJ found Plaintiff had no past relevant work.  Tr. 27.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of production assembler, mail clerk, and hand packager.  Tr. 27-28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the application date through the date of the decision.  Tr. 28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly evaluating the medical opinion evidence; (2) improperly rejecting headaches as a severe impairment at step two; (3) conducting an inadequate step three analysis; (4) improperly rejecting Plaintiff's subjective complaints; and (5) conducting an inadequate step five analysis.

## DISCUSSION

### 1.    Medical Opinion – Dr. Ho

Plaintiff argues the ALJ improperly disregarded the opinion from her treating provider, Dr. Lawrence Ho.  ECF No. 20 at 8-13.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL

168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 416.920c.  The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources.  20 C.F.R. § 416.920c(a).  Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding from medical sources.  20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  20 C.F.R. § 416.920c(c)(1)-(5).  The regulations make clear that the supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding.  20 C.F.R. § 416.920c(b)(2).  The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2).  The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to

provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion.  *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).

Plaintiff's treating pulmonologist, Dr. Lawrence Ho, completed a medical source statement in September 2019, in which he noted Plaintiff's interstitial lung disease and opined she was limited to light work, and that work on a regular basis would cause her condition to deteriorate with exposures to chemical irritants.  Tr. 1107-08.  He further opined Plaintiff would miss four or more days of work per month depending on exposures, would be off task more than 30 percent of the time, and would need to lie down for 30-45 minutes during the day due to headaches from exposures.  *Id.*

The ALJ found this opinion less persuasive than the state agency doctors' opinions, noting that it was not entirely consistent with the longitudinal evidence of record and that there was no objective evidence to support the conclusions.  Tr. 26-27.  She found the limitation to light work was persuasive.  *Id.*

Plaintiff argues the ALJ erred in only giving a boilerplate explanation for the rejection.  ECF No. 20 at 10.  She further asserts that Plaintiff's primary condition of interstitial lung disease is not one that lends itself to objective measures, but that the ALJ's statement that there was no objective support for Dr. Ho's conclusions was false, pointing to evidence of Plaintiff's ER trips and repeated medical visits for wheezing, fatigue, strep throat, bronchitis, and other breathing problems.  *Id.* at 10-12.  Defendant argues the ALJ reasonably addressed the consistency and supportability factors, and argues that while the ALJ may have explained her rationale with less than ideal clarity, her path may be reasonably discerned from the rest of the decision, including the ALJ's discussion of the medical records and rationale for adopting the state agency doctors' and medical expert's opinions.  ECF No. 22 at 16-17.

///

The Court finds the ALJ did not err.  The ALJ reasonably noted the factors of consistency and supportability.  The decision contains an extensive summary of the treatment records, including the largely normal objective testing results, which the ALJ found to be inconsistent with the significant limits opined by Dr. Ho.  Tr. 22-25.  The ALJ further noted the lack of objective evidence to support the conclusion, which is consistent with Dr. Ho's own treatment notes that indicated Plaintiff's interstitial lung disease was mostly stable and conservatively managed.  Tr. 1114, 1122.  The Court finds the ALJ's conclusion that there are no objective findings to support the disabling limitations is supported by substantial evidence.  Though Plaintiff offers an alternative interpretation of the record, "when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.902(a).

**2.     Plaintiff's Subjective Complaints**

Plaintiff alleges the ALJ erred in rejecting her symptom testimony without providing adequate reasons.  ECF No. 20 at 16-20.

It is the province of the ALJ to make determinations regarding a claimant's subjective reports.  *Andrews*, 53 F.3d at 1039.  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other

evidence in the record.  Tr. 25.  Specifically, the ALJ found Plaintiff's allegations to be undermined by evidence showing her condition was controlled or responsive to treatment, that she admitted to periods of improvement, and that her daily activities were largely intact.  Tr. 25.  The ALJ additionally noted that the record contained little indication of Plaintiff having adverse reactions to sanitizers and odors present in medical offices, despite her testimony that this was a major trigger for her.  Tr. 26.

Plaintiff argues the ALJ improperly rejected her allegations without pointing to any evidence that her condition was controlled with treatment.  ECF No. 20 at 18.  She asserts the mild findings on various tests are not relevant to the severity of her condition when she is exposed to an irritant.  *Id.*  She further argues that the ALJ failed to explain how any of her modest daily activities in the controlled environment of her home are inconsistent with her allegations, and asserts the ALJ failed to address Plaintiff's allegations about needing elevate her legs, lay down when she got a headache, and use her inhalers and nebulizers for long periods each day.  *Id.* at 19-20.  Defendant argues the ALJ reasonably found Plaintiff's complaints to be inconsistent with her mostly normal physical exams, the fact that her condition was largely controlled with conservative care, and with her demonstrated abilities.  ECF No. 22 at 2-7.

The Court finds the ALJ did not err.  An ALJ may consider evidence of the type and effectiveness of treatments received in assessing the reliability of a claimant's symptom allegations.  20 C.F.R. § 416.929(c)(3); Social Security Ruling 16-3p.  The ALJ noted Plaintiff's condition was largely managed with conservative care and was regularly noted to be stable and improved, with few exacerbations.  Tr. 25.  Evidence of medical treatment successfully relieving symptoms can undermine a claim of disability.  *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

///

Furthermore, an ALJ may point to inconsistencies in the record in assessing the reliability of a claimant's allegations. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Plaintiff testified that any time she is exposed to chemical scents, including cleaners, she has extreme reactions that will lead her to feel as if she is "quite literally choking to death." Tr. 47-48. She said that doctors' offices are a major problem because of all the sanitizer and cleaners, and testified that if she goes to a doctor's office or store, she ends up in the ER most of the time. Tr. 48-49, 77. However, the record contains only one instance of Plaintiff going to the ER for an exposure to hand sanitizer that she was not able to treat at home, Tr. 1164, and as the ALJ noted, Plaintiff attended numerous medical appointments "with little indication that she had any adverse reaction to the sanitizers or odors present in those settings." Tr. 26. This inconsistency was a relevant factor for the ALJ to consider.

The ALJ's interpretation of the record as undermining Plaintiff's testimony is supported by substantial evidence.

**3.    Step Two**

Plaintiff argues the ALJ erred in failing to find headaches to be a severe impairment at step two. ECF No. 20 at 13-14.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. § 416.920(a)(4)(ii). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 416.922(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.922(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). The claimant bears the burden of demonstrating that an impairment is medically

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

1    determinable and severe.  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685,

2    689 (9th Cir. 2009).

3        The ALJ identified several severe impairments at step two, but found that

4    her status post-stroke, including alleged headaches, was not a severe impairment

5    given the unrevealing imaging and normal neurological exams.  Tr. 18.

6        Plaintiff argues the ALJ erred by failing to find headaches to be a severe

7    impairment, noting her recurrent treatment for headaches and reports of daily

8    headaches requiring her to lie down in a dark room multiple times per week.  ECF

9    No. 20 at 13-14.  Defendant argues the ALJ reasonably found the condition non-

10    severe, particularly given the testimony of the medical expert who noted the lack

11    of consistent treatment for or complaints of headaches in the record.  ECF No. 22

12    at 7-8.  Defendant further argues that Plaintiff has not demonstrated any harm as

13    step two was decided in her favor and Plaintiff testified her headaches were among

14    the symptoms of her chemical sensitivity, which the ALJ addressed and found not

15    to be as severe as Plaintiff alleged.  *Id.* at 8.

16        The Court finds the ALJ did not err.  The step two analysis is "a de minimis

17    screening device used to dispose of groundless claims."  *Webb v. Barnhart*, 433

18    F.3d 683, 687 (9th Cir. 2005).  Because the ALJ did not end the analysis at step

19    two, the only potential error would be in the formulation of the RFC.  Plaintiff has

20    not pointed to any credited evidence that establishes limitations stemming from

21    headaches, other than her own statements, which the ALJ gave sufficient reasons

22    for disregarding.  Furthermore, based on the testimony of the medical expert, it is

23    not clear whether Plaintiff's headaches are their own condition or a symptom of

24    her chemical exposures or medication overuse.  Tr. 70-71.  The medical expert did

25    not assess any additional functional limitations specifically to account for headache

26    symptoms, and Plaintiff has not challenged the medical expert's testimony.

27    Therefore, the Court finds the ALJ did not err at step two.

28    ///

ORDER GRANTING DEFENDANT'S MOTION . . . - 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**4.     Step Three**

Plaintiff argues the ALJ erred in her step three analysis by failing to discuss Listing 11.02 for headaches and Listing 1.04 for Plaintiff's spinal condition.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett*, 180 F.3d at 1099. If a condition meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

With respect to Listing 11.02, the Court finds the ALJ did not err in not including headaches as a severe impairment, and thus did not err in failing to discuss the condition at step three. Furthermore, Plaintiff makes no argument as to how her condition equals each of the elements of the Listing. The ALJ did not err.

Regarding Listing 1.04, the ALJ found the record did not contain evidence of compromise of a nerve root, and even if it did, there was not evidence of corresponding motor loss, muscle weakness, sensory or reflex loss, or any of the other elements of the various parts of Listing 1.04. Tr. 20-21. Plaintiff points to objective findings in the record that she alleges satisfy the requirements of the Listing; however, at the hearing Plaintiff's counsel asked the medical expert about these findings and the doctor testified that the straight leg raise tests and absent patellar reflexes did not correspond to the objective imaging and the particular levels of the lumbar spine that were impaired. Tr. 72-75. The ALJ reasonably relied on this evidence in finding Plaintiff's condition did not meet or equal Listing 1.04.

**5.     Step Five**

Plaintiff argues that the step five findings are not supported because the ALJ posed an incomplete hypothetical to the vocational expert. ECF No. 20 at 20-21.

ORDER GRANTING DEFENDANT'S MOTION . . . - 12

This argument is premised on successfully showing that the ALJ erred at one of the other steps of the analysis. Because the Court finds that the ALJ did not harmfully err in her treatment of Plaintiff's symptom statements or the medical evidence, Plaintiff's argument is without merit.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Therefore, **IT IS HEREBY ORDERED:**

1.      Defendant's Motion for Summary Judgment, **ECF No. 22**, is **GRANTED**.

2.      Plaintiff's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED November 2, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 13